UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBERLEIGH GILMER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SHATALAINE DEBOER,<br><br>　　　　　　　Defendant. | Case No. 3:16-cv-00636-RCJ-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed In Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## I. APPLICATION TO PROCEED IFP

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff's monthly expenses are just shy of her monthly income, and the court concludes she cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action against Shatalaine Deboer, whom Plaintiff alleges is a social worker who willfully and unreasonably removed Plaintiff's children from her care without a warrant or just cause. (ECF No. 1-1 at 2.) The Complaint includes a single claim for violation of her right to privacy and freedom from unwarranted searches and seizures. (*Id*. at 4.)

Plaintiff includes a document with her Complaint stating that on November 3, 2014, Plaintiff was arrested and charged with child abuse against her then 17.5-year-old daughter, and while Plaintiff was in custody in the back of the law enforcement vehicle, Deboer was in the home with the children's maternal grandmother, Sandra Qualls, their maternal aunt, Michelle Gipe, and five children, four of which were Plaintiff's natural born children. (ECF No. 1-1 at 10.) Plaintiff goes on to allege that Deboer denied Plaintiff's children the right to stay in their home under the care of Qualls, who had assisted Plaintiff in caring for the children their entire lives. (*Id*.) She also contends that Deboer refused to let the children stay with Ms. Gipe, their aunt. (*Id*.) She avers that the children were taken to the Kids Kottage for three weeks before they were placed in the home of Ms. Gipe. (*Id*.) Plaintiff contends that she did not know of the children being removed from the family unit until Ms. Deboer appeared at the County Jail on November 4, 2014, and she filed this action on November 4, 2016. (*Id*.) Plaintiff requests compensatory damages in the amount of $250,000, $250,000 for mental distress, and $250,000

in punitive damages. (ECF No. 1-1 at 12.)

"The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001) (citations omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (citation, internal quotation marks and brackets omitted), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) *(*"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983; *Wallis v. Spencer*, 202 F.3d 1126, 1137 (9th Cir. 2000)). A claim by parents regarding alleged unconstitutional removal of children is properly "assessed under the Fourteenth Amendment standard for interference with the right to family association" while a claim by the child who was seized is assessed under the Fourth Amendment. *Id.* at n. 8 (citations omitted). The "same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children[.]" *Id*.

This constitutional right is not absolute. *Mueller v. Auker*, 700 F.3d 1180, 1186 (9th Cir. 2012). "Under certain circumstances, these rights must bow to other countervailing interests and rights, such as the basic independent life and liberty rights of the child and of the State acting as *parens patriae*; and on occasion, this accommodation may occur without a pre-deprivation hearing." *Id.* at 1186; *see also Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1125 (9th Cir. 1989) ("The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children."). The Fourteenth Amendment, then, "guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe*, 237 F.3d at 1107; *Mueller*, 700 F.3d at 1187 ("constitutional rights of parents step aside [ ] [i]n an emergency situation when the children are subject to immediate or apparent danger or harm") (internal quotation marks and ellipses omitted).

> The general standard for such a claim is:
> [O]fficials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in

imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.

*Wallis*, 202 F.3d at 1138.

While Plaintiff's admission that she was being arrested for child abuse with respect to her teenage daughter when the children were taken by the Defendant raises some question as to whether the children were in imminent danger, taking all of the allegations as true, the court will allow the complaint to proceed at this time.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk is directed to **FILE** the complaint (ECF No. 1-1).

(3) Plaintiff's complaint may **PROCEED** as set forth in this Order.

(4) The Clerk shall **ISSUE** a summons for defendant Shatalaine Deboer and send Plaintiff copies of the complaint and service of process form (USM-285). Plaintiff shall then have twenty (20) days to complete the USM-285 form and return it to the U.S. Marshal to complete service. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, she must file a motion with the court specifying the unserved defendant and providing a more detailed name and/or address for that defendant, or indicating that some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days of the date of this Order. Should Plaintiff require an extension of time to effectuate service, she must file a motion seeking an extension supported by good cause before the ninety days has expired.

(5) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by an attorney on behalf of the defendant, then upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or any document that fails to include a certificate of service.

**IT IS SO ORDERED.**

DATED: June 22, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE